IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| QUAYLAN ANDERSON, | § | |
| Petitioner, | § | |
| | § | 3:15-CV-2562-B |
| v. | § | 3:12-CR-0234-B |
| | § | |
| UNITED STATES OF AMERICA, | § | |
| Respondent. | § | |

## FINDINGS, CONCLUSIONS AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of Title 28, United States Code, Section 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions and Recommendation of the United States Magistrate Judge follow:

I.

Petitioner filed this petition to vacate, set-aside, or correct sentence pursuant to 28 U.S.C. § 2255. On April 25, 2013, Petitioner pled guilty to production of child pornography but reserved the right to appeal the denial of his motion to suppress. The Court imposed a 293-month sentence. On May 20, 2014, the Fifth Circuit affirmed. *United States v. Anderson*, No. 13-10811 (5th Cir. May 20, 2014). On October 20, 2014, the Supreme Court denied certiorari. *Anderson v. United States*, 135 S. Ct. 418 (2014).

On August 4, 2015, Petitioner filed the instant § 2255 petition. He argues:

1. The trial court erred when it denied his motion to suppress;

2. The search of his grandmother's house was unlawful because consent to search was not voluntary and there were no exigent circumstances;

Page 1

    3.    The government violated *Brady v. Maryland*, 373 U.S. 83 (1963), when it failed to disclose information regarding Officer Acosta.

On October 13, 2015, Respondent filed its answer. Petitioner did not file a reply. The Court finds the petition should be denied.

## II.

Petitioner's claims are barred from relief because Petitioner raised the same claims on direct appeal. The Fifth Circuit considered Petitioner's claims on the merits and denied them. These claims cannot be re-litigated in this § 2255 petition. *See United States v. Rocha*, 109 F.3d 225, 230 (5th Cir. 1997); *United States v. Kalish*, 780 F.2d 506, 508 (5th Cir. 1986). The petition should therefore be denied.[1]

## III.

The Court recommends that the motion to correct, vacate or set-aside sentence pursuant to 28 U.S.C. § 2255 be denied.

Signed this 7th day of November, 2016.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

---

[1] The government also argues the petition should be denied because Petitioner failed to sign his petition and because Petitioner signed an appellate waiver. Because Petitioner's claims cannot be re-litigated in this case, the Court declines to address the government's additional arguments.

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).